UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LINK AMERICA LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 1:16-cv-11177-RGS |
| | ) |
| INFOVISTA CORPORATION, | ) |
| INFOVISTA S.A., IPANEMA | ) |
| TECHNOLOGIES CORPORATION, | ) |
| and IPANEMA TECHNOLOGIES S.A., | ) |
| | ) |
| Defendants. | ) |

## PROTECTIVE ORDER

Upon consideration of the Motion for Entry of Protective Order (the "Motion") [Docket No. 26] made by InfoVista Corporation and Ipanema Technologies Corporation ("Defendants"), and any other papers filed in connection with the Motion, the Motion is GRANTED.

IT IS HEREBY ORDERED that:

Any documents to be produced by any party in response to a discovery request in this case that the producing party claims are confidential must be designated by the producing party as confidential by placing the term "Confidential" on the face of the documents or on any electronic medium containing such documents. Any such documents produced in that manner shall be treated as "confidential" and shall be covered by and subject to this Order.

AND IT IS FURTHER ORDERED that:

1.     All documents, tangible things, and other items designated "confidential" under this Order shall be subject to the following restrictions:

1

a. The "confidential" documents and material shall be used only for the purpose of litigating claims in this action and shall not be used for any other purpose whatsoever.

b. The "confidential" documents and material shall not be disclosed to, shown to, discussed with, or communicated in any way to anyone other than:

(i) counsel for the parties who have appeared in this action ("parties") and their respective support, secretarial, paralegal, and clerical personnel, and associated attorneys assisting them in the conduct of this litigation;

(ii) any individuals who would have independent access to a document desiganted as "confidential";

(iii) independent outside experts or consultants who have been retained by a party for purposes of this litigation;

(iv) court reporters involved in this litigation;

(v) any non-party or employee of a non-party from whom testimony is taken, to be taken, or may be taken in this action; and

(vi) the Court, official court reporters, court personnel, and any jurors.

2. Said "confidential" documents, tangible things, or other items and information contained therein shall not be disclosed, shown, or communicated prior to trial to any person listed in Paragraphs 1b(iii) or 1b(v) above unless, prior to such viewing or communication, the person enters into an express agreement (in the form of the Confidentiality Agreement attached hereto) to be bound by this Order. Additionally, the parties in this action and their employees shall be bound by this Order and shall also be deemed to have agreed to be bound by this Order.

Case 1:16-cv-1177-RGS Document 281 Filed 01/25/17 Page 2 of 6

3. At or before the beginning of their respective depositions, all non-parties and employees of non-parties expected to be examined regarding "confidential" documents and material shall be advised of the terms of this Order, shall be given a copy of this Order, shall sign the attached Agreement, and shall be advised that the Court has ordered that "confidential" documents and material not be disclosed to anyone other than those authorized persons described herein under the limited conditions and for the limited purposes described herein. The parties shall, at or before the time any such deposition testimony is recorded, advise all others present that such testimony being given may relate to "confidential" material. All unauthorized persons shall be cleared from the room at that time. The court reporter shall mark as confidential all portions of all depositions taken which relate to "confidential" material and, to the extent possible, shall bind the transcript of the confidential portion in a separate volume with the legend "confidential" or words to that effect.

4. No "confidential" documents, tangible things, or other items and information contained therein shall be filed with, offered to or submitted to the Court unless: filed under seal; submitted upon written motion in accordance with the Uniform Rules on Impoundment Procedure; submitted for an <u>in camera</u> inspection; consented to by Plaintiff; or otherwise disclosed or used at trial. In the event that a motion for impoundment is made pursuant to this paragraph and such motion is denied by the Court, then any filing of "confidential" documents or information necessitated by or resulting from the Court's denial of the motion shall not be considered a disclosure or a violation of this Order.

5. Any production or other disclosure of "confidential" documents or material covered by this Order without them being noted by Plaintiff as "confidential" at the time of the production or disclosure shall not be deemed a waiver in whole or in part of any claim of

confidentiality, either as to the specified information disclosed or as to any other information relating thereto or on the same or related subject matter.

6. To the extent that any "confidential" documents, tangible things, or other items and information contained therein are offered or admitted at trial, they shall be used only by, and disclosed only to, the attorneys of record herein, their employees assisting in this litigation, party trial representatives, any applicable witnesses, the Court, any jurors, the court reporter and court personnel for the purposes of this action and for no other purposes.

7. At the conclusion of this lawsuit including any appeal, the original and all copies of said documents, tangible things, and other items designated "confidential" will be returned to the Plaintiff or certified by Defendants as destroyed, and the pre-trial restrictions on disclosure of same shall apply equally post-trial.

8. Nothing in this Order shall be construed to limit in any way disclosure to any party of its own "confidential" documents and material or the right of any party to use its own "confidential" documents and material for any purpose.

9. Any party to this Order has the right to and may subsequently request the Court to modify this Order upon motion filed with the Court and appropriate advance notice to the other parties. Additionally, Defendants have the right to and may subsequently challenge any designation of any document as "confidential" upon motion filed with the Court and appropriate advance notice to the other parties.

10. Neither the taking of, nor the failure to take, any action to enforce the provisions of this Order, nor the failure to object to any designation, shall constitute a waiver of a right to seek and obtain protection or relief, other than as specified herein, of any claim or defense in this action or any other action including, but not limited to, any claim or defense that any information

4

is or is not proprietary to any party, is or is not entitled to particular protection, or that such information does or does not constitute trade secrets of any party. The fact that information is designated "confidential" under this Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary.

11. Nothing in this Order shall prevent outside or inside counsel from giving legal advice based on information that has been designated "confidential" provided such legal advice shall not reveal the substance of any designated information to a person who is not authorized to receive it.

SIGNED this 20th day of January, 2017.

_____
UNITED STATES DISTRICT JUDGE

## CONFIDENTIALITY AGREEMENT

      My name is _____. I am aware of the Protective Order entered by the Court in Civil Action No. 1:16-cv-11177-RGS in the U.S. District Court for the District of Massachusetts. Prior to signing this agreement, I have read and understood such Order. I fully agree to maintain the confidentiality of documents and material designated as "confidential" in accordance with such Order, to follow the requirements of such Order, and to be bound by such Order. I agree to be subject to the jurisdiction of that Court with regard to enforcement of such Order.

                                        _____

3475926