UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-11177-RGS

LINK AMERICA LLC

v.

INFOVISTA CORPORATION et al.

MEMORANDUM AND ORDER
ON DEFENDANTS' MOTION
FOR JUDGMENT AS A MATTER OF LAW
OR TO ALTER AND AMEND JUDGMENT

October 22, 2018

STEARNS, D.J.

On August 24, 2018, the fifth day of trial in this matter, the jury returned a verdict largely in favor of plaintiff Link America LLC on its claims against InfoVista Corporation (Ipanema). The jury, however, awarded damages in a sum well below that requested by Link America. InfoVista now moves under Rule 50(a) for judgment as a matter of law.

A Rule 50(a) motion will be granted only where "after having examined the evidence as well as all permissible inferences drawn therefrom in the light most favorable to non-movant, the court finds that a reasonable jury could not render a verdict in that party's favor." *Irvine v. Murad Research Labs., Inc.*, 194 F.3d 313, 316 (1st Cir. 1999). "We 'examine the evidence

and the inferences reasonably to be drawn therefrom in the light most favorable to the nonmovant,' and in doing so we do 'not consider credibility of witnesses, resolve conflicts in testimony, or evaluate the weight of the evidence.'" *Wagenmann v. Adams*, 829 F.2d 196, 200 (1st Cir. 1987).

With respect to the Rule 50(a) motion, InfoVista's principal claim is that Link America failed to prove causation, more specifically that "[p]laintiff offered no competent evidence that AT&T would have purchased from [Link America] if [InfoVista] had not taken [wrongful] actions." Defs.' Mem. at 3. The objection is one of factual sufficiency only (there is no alleged error in the court's instructions to the jury on the issue of causation). The court can summarily dispose of InfoVista's argument. It is clear from the verdict slip and the damages award that the jury made no award of lost future profits. Rather the sum awarded exactly mirrors Link America's request to be compensated for the expenses it incurred preparing to perform the AT&T contract that never materialized.[1]

---

[1] Andres Ruzo, the Chairman and CEO of Link America, testified that Link America's out-of-pocket expenses in anticipation of the AT&T contract amounted to $1,100,000. The jury awarded Link America $1,100,000. InfoVista's claim that Link America could not have recovered these out-of-pocket expenses "as a matter of law," Defs.' Mem. at 6, is simply incorrect. Whether Link America would have incurred these expenses with or without the prospect of being awarded the AT&T contract was a matter of fact for the jury to resolve.

InfoVista's second complaint concerns the judgment. It contends that the court mistakenly used the Massachusetts 12 percent interest rate (that by statute applies to breaches of contract) in calculating prejudgment interest instead of the Texas rate of 5 percent rate (that applies to torts). The parties agree that Massachusetts law applies to Link America's breach of contract claims. The only issue, therefore, is whether the jury's award of out-of-pocket expenses sounds in contract or in tort or in both. In its instructions to the jury, the court summarized Link America's three claims as follows.

> This case concerns three claims brought by Link America against the defendant InfoVista: (1) alleged breaches of the Managed Service Agreement that Link America entered with Ipanema in 2012, an Agreement that was adopted by InfoVista when it acquired Ipanema in 2015 – more specifically (a) a failure by InfoVista to honor a promised 46 percent discount on wholesale purchases of Ipanema products for resale to Link America's customers, and (b) InfoVista's unauthorized disclosure of information that Link America deemed confidential. Link America also alleges two claims that arise outside of and are not governed by the MSA: (1) an alleged tortious interference with a contractual relationship that Link America enjoyed with AT&T, as well as a future contract that Link America sought to secure from AT&T to perform work on the State of Texas project; and (2) the alleged improper disclosure of confidential pricing information that Link America had shared with InfoVista during their business dealings.

In answering the verdict slip special questions the jury found for Link America on all three claims: a breach of contract, tortious interference with Link America's existing (not prospective) contract with AT&T, and the misappropriation (by disclosure) of confidential business information, namely Link America's pricing schedules. All three causes of action were premised on, among other things, the wrongful disclosure of confidential information. As to damages, the jury was not required to assign the sum awarded to any one or more of the three actions, but was permitted to return a general award of compensatory damages. Consequently, the most likely inference, and the one most indulgent to Link America as the nonmoving party, is that the jury intended the out-of-pocket expenses award as compensation for all three wrongs.

Because the ultimate choice of the interest rate to be applied lies within the discretion of the court (as the parties acknowledge, see Defs.' Mem. at 15, Pl.'s Mem. at 8), I will assign the damages award to the breach of contract claim and leave the judgment unaltered.

## ORDER

For the foregoing reasons, the motion for judgment as a matter of law or in the alternative to alter or amend the judgment is <u>DENIED</u>.

SO ORDERED.

/s/ Richard G. Stearns

UNITED STATES DISTRICT JUDGE